Jarrod HARRIS, Appellant,

v.

The STATE of Texas, Appellee.

No. 05–92–00982–CR.

Court of Appeals of Texas, Dallas.

Oct. 12, 1994.

John H. Hagler, Dallas, for appellant.

Linda H. Green, Dallas, for appellee.

Before BAKER, LAGARDE and KINKEADE, JJ.

## OPINION

BAKER, Justice.

Appellant pleaded no contest to the offense of possession of cocaine of less than twenty-eight grams. Following an agreement between appellant and the State, the trial court deferred adjudication of appellant's guilt and placed appellant on deferred adjudication probation for three years. Appellant contends we should reverse the judgment because the trial court did not admonish him that his plea could result in his deportation or denial of citizenship. Appellant also contends the trial court did not admonish him that if the court proceeded with adjudication of guilt, the court could assess punishment anywhere within the range provided for the offense charged. Finally, appellant contends the trial court erred when it did not hold an evidentiary hearing on appellant's motion for new trial. These points are without merit. We affirm the trial court's judgment.

### PROCEDURAL HISTORY

The State charged appellant with possession of cocaine of less than twenty-eight grams. Appellant waived his right to a jury trial and entered a no-contest plea before the trial court. The trial court accepted his plea. The trial court followed a plea-bargain agreement between the State and appellant and deferred adjudication of guilt. The trial court placed appellant on deferred adjudication probation for three years and assessed a $750 fine.

Later, the State moved to proceed with adjudication of guilt. At a hearing on the State's motion, appellant entered a plea of true. There was no agreement on appellant's punishment. The trial court accepted appellant's plea of true, found the allegations in the State's motion true, and assessed a ten-year sentence.

### FAILURE TO ADMONISH ABOUT CITIZENSHIP AND DEPORTATION

In his first point of error, appellant contends the trial court did not admonish him that by entering a plea of nolo contendere, if he was not a United States' citizen, he was

subject to deportation or denial of citizenship. Appellant contends the trial court's failure to give this admonishment is reversible error.

## A.  Applicable Law

■ Before the trial court can accept a plea of guilty or nolo contendere, the court must admonish the defendant that if the defendant is not a U.S. citizen, the plea could result in deportation, exclusion from admission to this country, or denial of citizenship. See TEX.CODE CRIM.PROC.ANN. art. 26.13(a)(4) (Vernon 1989). It is enough to satisfy article 26.13 admonishments if the trial court substantially complies with the article's requirements. See TEX.CODE CRIM.PROC.ANN. art. 26.13(c) (Vernon 1989). However, the trial court's total failure to admonish a defendant on the consequences of citizenship or deportation is reversible error. Morales v. State, 872 S.W.2d 753, 755 (Tex.Crim.App.1994). The error is reversible, regardless of whether the defendant suffered harm. Morales, 872 S.W.2d at 754; Ex parte Cervantes, 762 S.W.2d 577, 578 (Tex.Crim.App.1988); Ex parte McAtee, 599 S.W.2d 335, 336 (Tex. Crim.App.1980).

■ However, when the record shows the court properly admonished the defendant, the record presents a prima facie showing the defendant entered a knowing and voluntary plea. Soto v. State, 837 S.W.2d 401, 405 (Tex.App.—Dallas 1992, no pet.). The burden then shifts to the defendant to show he did not understand the consequences of his plea. Soto, 837 S.W.2d at 405. Although article 26.13(a) is a mandatory statute, a trial court's substantial compliance with the statute is enough unless the accused shows he entered his guilty plea without understanding the consequences of his action and that he suffered harm. See TEX.CODE CRIM.PROC. ANN. art. 26.13(c) (Vernon 1989); Williams v. State, 770 S.W.2d 81, 82 (Tex.App.—Dallas 1989, no pet.). Our initial inquiry is whether the trial court substantially complied with article 26.13. See Whitten v. State, 587 S.W.2d 156, 158 (Tex.Crim.App.1979) (op. on reh'g).

To substantially comply with the statute, the trial judge need not follow any particular form or procedure when admonishing an accused. Williams, 770 S.W.2d at 82. The trial court may give admonishments either orally or in writing. TEX.CODE CRIM.PROC. ANN. art. 26.13(d) (Vernon 1989). When the admonishments are written, the accused and his attorney must sign a statement showing the accused understands the admonishments and is aware of the consequences of the plea. TEX.CODE CRIM.PROC.ANN. art. 26.13(d) (Vernon 1989). When the record shows the trial court admonished the accused either orally or in writing, substantial compliance exists even if the admonishments are incomplete or incorrect. Ex parte Gibauitch, 688 S.W.2d 868, 871 (Tex.Crim.App.1985) (per curiam); Williams, 770 S.W.2d at 82.

We can find substantial compliance where the admonishment effectively satisfies the statutory requirements though the trial court gave it in a different form than the statute describes. Whitten, 587 S.W.2d at 158. The trial court must give the admonishment and must give it directly to the defendant. Whitten, 587 S.W.2d at 158.

## B.  Application of Law to the Facts

■ The statement of facts does not show the trial court orally admonished appellant about citizenship and deportation. However, the record contains a form entitled Waiver of Jury Felony Plea of Guilty/Nolo Contendere/Indictment/Information. This form recites appellant understood that if he was not a citizen of the United States, a plea of nolo contendere for the offense charged may result in deportation, exclusion from admission to this country, or the denial of naturalization under federal law.

Below that statement, appellant acknowledged he had read the statements and his attorney explained them to him. Appellant, appellant's trial counsel, and the prosecutor signed the form. Finally, this form contains the judge's signature below the judge's statement that he warned appellant of the consequences of the plea, including the minimum and maximum punishment provided by law.

In his brief, appellant acknowledges this form is in the record. However, he urges the mere signing of the document does not

substitute for the trial court's admonishment. We disagree.

The trial court may make any article 26.13 admonishment in writing or orally. *See* TEX. CODE CRIM.PROC.ANN. art. 26.13(d) (Vernon 1989). The language of the form is almost word for word the admonishment required by article 26.13(a)(4). We hold this form substantially complies with the requirements of article 26.13(a)(4). We also hold the form shows the trial court participated in the admonishment because it states over the judge's signature that the court warned appellant of the consequences of the plea. The form shows the trial court admonished appellant. The form shows appellant understood the consequences of his plea if he was not a citizen of the United States. Appellant has made no showing that he was unaware of the consequences of his plea or that the court's admonishment misled or harmed him. We overrule appellant's first point of error.

## ARTICLE 42.12 ADMONISHMENTS

In his second point of error, appellant contends the trial court should not have accepted his plea because the court did not admonish him about another consequence of the plea. Appellant asserts the trial court did not admonish him that, if the court proceeded with adjudication of guilt, the trial court was not bound by the probationary term of three years. Appellant also asserts the trial court did not tell him the trial court could impose a sentence within the full range of punishment. Appellant contends the legislature's amendment to article 42.12 of the Texas Code of Criminal Procedure requires the trial court to give this admonishment to a defendant who receives deferred adjudication. *See* TEX.CODE CRIM.PROC.ANN. art. 42.12, § 5(a) (Vernon Supp.1994).

### A. Applicable Law

As amended in 1989, article 42.12, section 5(a) provides in part:

The judge shall inform the defendant orally or in writing of the possible consequences under Subsection (b) of this section of a violation of community supervision. If the information is provided orally,

the judge must record and maintain the judge's statement to the defendant.

TEX.CODE CRIM.PROC.ANN. art. 42.12, § 5(a) (Vernon Supp.1994). Section 5(b) of article 42.12 provides:

On violation of a condition of community supervision imposed under Subsection (a) of this section, the defendant may be arrested and detained as provided in Section 21 of this article. The defendant is entitled to a hearing limited to the determination by the court of whether it proceeds with an adjudication of guilt on the original charge. No appeal may be taken from this determination. After an adjudication of guilt, all proceedings, including assessment of punishment, pronouncement of sentence, granting of community supervision, and the defendant's appeal continue as if the adjudication of guilt had not been deferred.

TEX.CODE CRIM.PROC.ANN. art. 42.12, § 5(b) (Vernon Supp.1994).

■ There is no rule requiring the trial court to instruct the accused on every aspect of the law pertinent to the case when the accused pleads guilty or nolo contendere. It is not the court's function to act as legal counsel for an accused. *See McNew v. State,* 608 S.W.2d 166, 173 (Tex.Crim.App. [Panel Op.] 1978); *Rose v. State,* 465 S.W.2d 147, 149 (Tex.Crim.App.1971).

### B. Application of Law to the Facts

■ Appellant argues article 42.12 requires the trial court to admonish him that, if the trial court proceeds with adjudication of guilt, the trial court could assess a sentence within the full range of punishment. We disagree.

A plain reading of article 42.12, section 5(a), shows the judge shall inform the defendant orally or in writing of the possible consequences under subsection (b) of this section of a violation of community supervision. A plain reading of subsection (b) shows it requires the trial court to inform a defendant that: (1) the defendant may be arrested and detained as provided in section 21 of this article; (2) the defendant is entitled to a hearing limited to the determination by the court of whether it proceeds with an adjudi-

cation of guilt on the original charge; (3) no appeal may be taken from this determination; (4) after an adjudication of guilt, all proceedings, including assessment of punishment, pronouncement of sentence, granting of community supervision, and defendant's appeal continue as if adjudication of guilt had not been deferred.

Subsection (b) does not require the trial court to admonish appellant that if adjudicated, the trial court could assess a sentence anywhere within the range provided by law. We conclude this alleged admonition in the form appellant suggests is outside the plain language of article 42.12, sections 5(a) and (b). The trial court need not instruct the accused on every aspect of the law pertinent to the case when the accused pleads guilty. *McNew*, 608 S.W.2d at 173; *Rose*, 465 S.W.2d at 149. We overrule appellant's second point of error.

## FAILURE TO CONDUCT AN EVIDENTIARY HEARING

In his third point of error, appellant contends the trial court erred because it did not hold an evidentiary hearing on his motion for new trial. Appellant filed a document entitled *Defendant's Pleadings On Appeal.* In this pleading, he requested the trial court to grant a new trial. He alleged the basis for the new trial was ineffective assistance of counsel. In the document, appellant waived an evidentiary hearing and requested the court to decide the motion by affidavits. This pleading was unsworn and unsupported by affidavits.

Later appellant filed a document entitled *Defendant's Affidavit On Appeal.* In this affidavit, he claimed violation of his rights by his counsel because counsel did not go over the procedures with him. He asserted he did not think the trial court gave him the right sentence and he should have received a lesser sentence. The trial court overruled the motion for new trial.

### A. Applicable Law

■ The grant or denial of a motion for new trial is a matter entirely within the trial court's discretion. *State v. Gonzalez*, 855 S.W.2d 692, 694 (Tex.Crim.App.1993); *Appleman v. State*, 531 S.W.2d 806, 810 (Tex.Crim.App.1975) (op. on reh'g). We do not set aside the trial court's denial of a new trial absent a clear showing of abuse of discretion. *Appleman*, 531 S.W.2d at 810.

The right to an evidentiary hearing on a motion for new trial is not an absolute right. *Reyes v. State*, 849 S.W.2d 812, 815 (Tex. Crim.App.1993). An appellant's motion for new trial must show reasonable grounds exist for holding that the trial court could grant a new trial. *Reyes*, 849 S.W.2d at 816; *McIntire v. State*, 698 S.W.2d 652, 658 (Tex. Crim.App.1985). If the trial court can determine from the record the issues raised in the motion for new trial, the trial court need not hold a hearing. *Reyes*, 849 S.W.2d at 816.

### B. Application of Law to the Facts

■ Appellant contends the trial court erred because it did not hold an evidentiary hearing to determine the issues he raised in his motion and affidavit. We disagree.

In his motion for new trial, appellant expressly asked the trial court to determine the matters raised by affidavit. Appellant waived an evidentiary hearing on his motion for new trial. *See Soto*, 837 S.W.2d at 405.

Moreover, the trial court could determine the issue of effective assistance of counsel raised in appellant's affidavit from the record. The record shows appellant entered his plea freely and voluntarily. The trial court correctly admonished appellant on the punishment range for the offense charged. Appellant testified he understood the range of punishment. We conclude the trial court did not err because it did not hold an evidentiary hearing on appellant's motion for new trial. *Reyes*, 849 S.W.2d at 816. We overrule appellant's third point of error.

We affirm the trial court's judgment.