Nos. 04-99-00521-CR & 04-99-00522-CR


Marcus SMITH,


Appellant


v.


The STATE of Texas,


Appellee


From the 144th Judicial District, Bexar County, Texas


Trial Court Nos. 98-CR-3829 & 98-CR-3830


Honorable Pat Priest, Judge Presiding


Opinion by: Alma L. López, Justice

Sitting: Tom Rickhoff, Justice

 Alma L. López, Justice

 Paul W. Green, Justice

Delivered and Filed: February 16, 2000

AFFIRMED

 Marcus Smith was indicted for the offense of aggravated robbery in Cause No. 98-CR-3829,
and for the offense of aggravated kidnaping in Cause No. 98-CR-3830. Smith pleaded guilty
pursuant to a plea agreement to each offense, and the trial judge sentenced Smith to twelve years in
prison in each case. In these appeals,(1) Smith contends that his guilty pleas were involuntary. Because
we disagree, we affirm the judgments of the trial court.

 To be constitutionally valid, a guilty plea must be knowing and voluntary. See Brady v.
United States, 397 U.S. 742, 749 (1970). For this reason, the Code of Criminal Procedure requires
the trial court to admonish a defendant prior to accepting a guilty plea. See Meyers v. State, 623
S.W.2d 397, 402 (Tex. Crim. App. 1981). The required admonishments are specified in article 26.13
of the Code. See Tex. Code Crim. Proc. Ann. art. 26.13(a) (Vernon 1989). Substantial compliance
with the required admonishments is sufficient to uphold a guilty plea unless the defendant
affirmatively shows that he was misled or harmed by the admonishment of the court. Id. art.
26.13(c). When the record shows that the trial court properly admonished the defendant as to the
consequences of his plea as it does here, the record presents a prima facie showing that the defendant
entered a knowing and voluntary plea. See Harris v. State, 887 S.W.2d 482, 484 (Tex. App.--Dallas
1994, no pet.). The burden then shifts to the defendant to show the plea was not voluntary. See id.

 Smith argues that his plea was involuntary because he contends that his trial attorney led him
and his mother to believe that he would receive deferred adjudication probation from the trial court.
This contention is simply not supported by the record. Under the terms of his plea agreements, the
State opposed Smith's applications for deferred adjudication and agreed to a thirteen-year cap on
punishment. Although one of Smith's co-defendants received deferred adjudication for the same
offenses, the record does not demonstrate that Smith's attorney led him to believe that the trial judge
would grant his applications as well. Instead, the record indicates that Smith understood that the trial
judge was under no obligation to grant his applications for deferred adjudication and that he
understood that the State opposed those applications. Even if his attorney had led him to believe he
would receive deferred adjudication probation, a plea is not involuntary just because the sentence
exceeded what the defendant expected, even when the expectation was raised by his attorney. See
West v. State, 702 S.W.2d 629, 633 (Tex. Crim. App. 1986). Because Smith has not proven that his
plea was involuntary, we overrule his voluntariness issue and affirm the judgments of the trial court.

 Alma L. López, Justice

DO NOT PUBLISH


1. Smith challenges his conviction in Cause No. 98-CR-3829 for aggravated robbery, in Appeal No. 04-99-00521-CR, and his conviction in Cause No. 98-CR-3830 for the offense of aggravated kidnapping in Appeal No. 04-99-00522-CR.