**Ex Parte Kristin Hope WHEELER, Appellant.**

**No. 2491–01.**

Court of Criminal Appeals of Texas, En Banc.

Nov. 19, 2003.

Jerry J. Loftin, Fort Worth, for Appellant.

Charles Mallin, Asst. DA, Fort Worth, Matthew Paul, State's Attorney, Austin, for State.

PER CURIAM.

The appellant petitioned the district court for habeas corpus relief from a second trial of an indictment for manslaughter and criminally negligent homicide. The first trial ended in a mistrial when the State asked the appellant's expert witness whether he was "aware that her insurance carrier found her at fault." She claimed that the constitutional prohibitions against putting a person twice in jeopardy[1] would be violated because the State's misconduct forced her to move for mistrial. The district court denied relief in a one-sentence order, without findings of fact,[2] and this appeal followed.

The Second Court of Appeals reversed, concluding:

Appellant, on trial for manslaughter and criminally negligent homicide, did not

dispute that she drove the car that struck [the victim], so the only question before the jury was whether she "acted negligently or otherwise wrongfully." Questioning [her expert]'s knowledge of the results of an insurance investigation both disclosed the existence of insurance coverage and informed the jury that others had independently determined that appellant had acted negligently or recklessly. We hold that the prosecutor, necessarily being acquainted with our rules of evidence, should have known that his question crossed "the line between legitimate adversarial gamesmanship and manifestly improper methods" and created a substantial risk that a mistrial would result. *See Bauder II* [*Ex parte Bauder*], 974 S.W.2d [729 (Tex.Cr.App.1998)] at 732. Having held that the prosecutor intentionally or recklessly caused the trial to end in a mistrial, we sustain appellant's sole point.[3]

The State petitioned for discretionary review raising six questions. Three questions were about the court of appeals' application of the standards of review that we set in *Bauder, supra,* and in other decisions: whether the court of appeals erred by (1) "misapplying the standard of review," (2) "implicitly holding that a prosecutor's rationale regarding his mentioning insurance ... was not to be considered by the habeas court ... because it was not testimony," and (3) "shifting the burden of proof to the State."[4] Two other questions were about the law of evidence, and a final question was whether this court should overrule *Bauder.*

Recently "we clarif[ied] the standards under which the Texas constitutional dou-

---

1. *See* U.S. Const. amend. V; Tex. Const. art I, § 14.

2. Clerk's Record 22.

3. *Ex parte Wheeler,* 61 S.W.3d 766, 774 (Tex. App.-Fort Worth 2001).

4. Pet., at 2.

ble jeopardy provision, as explained in *Bauder v. State*, [974 S.W.2d 729, 732 (Tex. Cr.App. 1998)] prohibits a retrial after the defense successfully requests a mistrial."[5] We set out the three-part analysis that trial and appellate courts should use; we emphasized that the burden was on the defendant to prove all three prongs; we said that trial and appellate courts should focus primarily upon the objective facts and circumstances surrounding the events which led to the mistrial in deciding whether the prosecutor's alleged misconduct was both manifestly improper and committed with the requisite intent or recklessness; we said that a trial judge was well-advised to set out factual findings on the record; and we suggested a non-exclusive list of six factors that courts might consider in assessing the prosecutor's *mens rea*.

The relevance of this recent decision to the State's first three questions for review is obvious. We think that the court below should have the opportunity to reconsider this case in light of our recent decision. We grant Grounds One, Two, and Three of the State's petition, and we refuse the other grounds without prejudice. We vacate the judgment of the court of appeals and remand the case to that court for further proceedings.

---

5. *Ex parte Peterson*, 117 S.W.3d 804, 818, (Tex.Cr.App., 2003).