COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

)
 ) No. 08-03-00297-CR
EX PARTE: FRANCISCO CARBAJAL           )
)Appeal from
 )
) 161st District Court
)
) of Ector County, Texas
)
) (TC# B-27,930)

MEMORANDUM OPINION

            Francisco Carbajal appeals his conviction for possession of cocaine. Appellant pled guilty
and was sentenced to eight years in TDCJ, probated pursuant to a plea agreement. Appellant then
unsuccessfully pursued a petition for writ of habeas corpus. We affirm.
PROCEDURAL SUMMARY

            Appellant filed his petition for writ of habeas corpus pursuant to Texas Code of Criminal
Procedure Articles 11.01, 11.05, and 11.08; Texas Constitution Article 5, section 8; and U.S.
Constitution amendment XIV, section 5. He argued that his trial counsel rendered ineffective
assistance of counsel by advising him to plead guilty when the evidence was legally insufficient to
prove that he knowingly and intentionally possessed cocaine. Second, Appellant contended that trial
counsel was ineffective by failing to apprise him of the applicable law, by recommending that he
plead guilty to an offense the State could not prove, and that as a result, his guilty plea was
unknowing, unintentional, and involuntary. Finally, Appellant alleged that his trial counsel rendered
ineffective assistance of counsel by advising him to plead guilty without first moving to suppress
evidence acquired in an unreasonable search and seizure. 
            The trial court requested testimony in the form of affidavits. Appellant’s affidavit included
the following assertions. After being arrested in November 1999, he went to a law office and talked
to an individual whom he believed was an attorney. He told the individual how he was arrested and
that he was innocent of the charge. The individual asked him questions and told him to come back
later; when he returned he was introduced to Brian Chavez, who was his attorney. He met with
Chavez four or five times before his plea in May 2000 and attended court three times. His meetings
with Chavez were brief, and Chavez did not discuss the facts of the case with him. Chavez indicated
that he did not want to hear Appellant’s side of the story. Appellant believed that the individual he
had originally spoken with had told Chavez about his case so he made no further attempts to tell
Chavez what happened. After pretrial, Chavez told him he needed to plead guilty because the
prosecutor had agreed to probation and that otherwise the judge would find him guilty and send him
to prison. Chavez never explained what evidence the State had, Appellant did not know that Chavez
had a duty to explain the facts of his case and available defenses, and he was unaware that Chavez
could not reach a plea agreement without his approval. If Chavez had properly advised him,
Appellant would have sought a trial since the State could not affirmatively link him to the cocaine. 
Consequently, his plea was involuntary and unknowing. Appellant claimed that Chavez never
reviewed the State’s file or if he did, then it was only a brief examination. Appellant has only an
eighth-grade education from Mexico and is unfamiliar with the American justice system; he is unable
to speak or read English at a proficient level. Appellant maintained that he was innocent of the
charge and that Chavez should have attempted to exclude the evidence seized in his illegal arrest. 
Appellant believed that his presence at the residence sufficed to prove his guilt and he never would
have subjected himself to deportation if he knew he had a chance of winning because he has three
children who are United States citizens. 
            Chavez’s affidavit countered in the following particulars. Pursuant to his representation of
Appellant, it was made clear that the individual Appellant originally spoke with was not an attorney.
After being retained, Chavez had many conversations with the prosecutor regarding Appellant’s
defense and a possible plea bargain and related versions of the facts were discussed. Appellant’s
defense was also discussed with Officer Jesse Duarte. The prosecutor was intent on giving Appellant
prison time but after debate, agreed to probation and dismissal of the cocaine charge, conditioned
upon the withdrawal of all pretrial motions. This condition was discussed with Appellant. Plea
negotiations and Appellant’s version of the facts were discussed in Chavez’s meetings with
Appellant. Chavez realized that standing and consent were issues in defending a motion to suppress
and that the suppression motion and motion to reveal the confidential informant would probably be
overruled. Moreover, if the case went to trial, Chavez knew there would be testimony elicited that
Appellant was the target of the police investigation due to tips from two or three confidential
informants. Chavez reviewed the police reports and believed there was substantial evidence to
convict Appellant. Appellant was charged with possession of cocaine and heroin in two separate
indictments such that separate trials were possible, meaning that if Appellant were found guilty on
one charge, then he would be ineligible for probation on the second charge. Chavez discussed
Appellant’s immigration status with Appellant and informed him about the consequences of his plea. 
He also discussed Appellant’s options of going to trial. Appellant was given the option of going to
trial or pleading guilty, and he chose to plead guilty. Chavez did offer his recommendation
concerning the unlikelihood of success at trial. Chavez believed that the plea was knowing and
voluntary; and he believed that eight years’ probation was a good offer considering the circumstances
of the case, his knowledge of the case, and the possible range of punishment on two second-degree
felonies. 
            The trial court specifically found that:
 
• Chavez conducted a pretrial investigation of the facts of Appellant’s case and that he fully
discussed those facts with Appellant, 
 
• the decision to agree to a plea rather than pursue the motions to suppress and to reveal the
confidential informant’s identity were decisions made by Chavez based upon the likelihood
of success of the motions and the benefit of a plea agreement; 
 
• Chavez did not force Appellant to accept the plea agreement, but Appellant made the
decision after considering all relevant factors; 
 
•Appellant was fully admonished, and his plea was found to be knowing and voluntary. 

The trial court denied Appellant’s petition after reviewing the facts of the case and Chavez’s
response to the Appellant’s application. Appellant then filed a motion for the court to reconsider his
petition or to alternatively grant a motion for new trial. 
JURISDICTION
            We begin with the premise that no appeal can be had from a refusal to issue or grant a writ
of habeas corpus. Ex parte Hargett, 819 S.W.2d 866 (Tex.Crim.App. 1991). The crucial question
in this regard is whether the trial court considered and resolved the merits of the writ application. 
Ex parte Gonzales, 12 S.W.3d 913, 914 (Tex.App.--Austin 2000, pet. ref’d). Thus, if the trial court
rules on the merits of the applicant’s claim but denies the requested relief, that is appealable;
conversely, if the trial court dismisses the writ application for some other reasons, such as lack of
jurisdiction, without reaching the merits, that order is not appealable. Hargett, 819 S.W.2d at
868-69.
            The trial court requested affidavits and reviewed Appellant’s petition along with trial
counsel’s affidavit and the facts of the case. Further, the trial court decided in its findings that trial
counsel was not ineffective and that Appellant’s plea was knowingly and voluntarily made. Thus,
we believe that the trial court considered the merits of Appellant’s petition. See Gonzales, 12
S.W.3d at 914.
INEFFECTIVE ASSISTANCE OF COUNSEL
            Appellant complains in Point of Error One that the trial court erred in failing to grant relief
on his writ of habeas corpus because trial counsel’s affidavit conceded that he failed to inform and
discuss the facts, applicable law, and defenses of Appellant’s case with him.
Standard of Review
            Appellant urges that we apply a de novo standard of review since the trial court based its
findings on affidavits rather than testimony. The State responds that the abuse of discretion standard
is applicable. We generally review a trial court’s decision to grant or deny relief on a writ of
habeas corpus under an abuse of discretion standard. See Ex parte Mann, 34 S.W.3d 716, 718
(Tex.App.--Fort Worth 2000, no pet.); Ex parte Ayers, 921 S.W.2d 438, 440 (Tex.App.--Houston
[1st Dist.] 1996, no writ). However, an abuse of discretion review of a trial court’s decision is not
necessarily appropriate in the context of application of law to facts when the decision does not turn
on the credibility or demeanor of witnesses. Ex parte Martin, 6 S.W.3d 524, 526 (Tex.Crim.App.
1999); see also Guzman v. State, 955 S.W.2d 85, 89 (Tex.Crim.App. 1997). Instead, an appellate
court must conduct a de novo review when “the trial judge is not in an appreciably better position
than the reviewing court to make that determination.” Guzman, 955 S.W.2d at 87; see also Mann,
34 S.W.3d at 718. While the trial court did not hear live testimony, the facts were contested, the
affidavits were conflicting, and the same trial judge presided at Appellant’s guilty plea and his
petition for writ of habeas corpus. Cf. Ex parte Martin, 6 S.W.3d 524, 526 (Tex.Crim.App.
1999)(applying de novo review when the only evidence submitted was an affidavit by the State and
facts were uncontested); Ex parte Wheeler, 61 S.W.3d 766, 770 (Tex.App.--Fort Worth 2001),
vacated by, 122 S.W.3d 170 (Tex.Crim.App. 2003)(applying de novo review after finding no
testimony on the merits was given at the habeas hearing and that the judge who heard the petition
did not preside over appellant’s trial). Accordingly, we shall give deference to the decision of the
trial court and apply an abuse of discretion standard. See Manzi v. State, 88 S.W.3d 240, 244
(Tex.Crim.App. 2002)(finding that the court must employ a deferential standard of review of the trial
court’s resolution of historical facts from conflicting affidavits).
Voluntariness of the Plea
            Appellant contends that trial counsel failed to dispute his assertions that he was not apprised
of facts contained in the State’s file, the law applicable to his case, or available legal defenses. 
Further, he argues that the trial court appeared to have decided that trial counsel was not obligated
to do those things. Finally, he alleges that an independent review of facts was not enough to render
effective assistance of counsel and that he could not have been expected to make an informed,
educated decision about whether to plead guilty or go to trial due to the actions and inactions of trial
counsel. Appellant relies on the following cases to support this proposition: Ex parte Dunham, 650
S.W.2d 825, 826-27 (Tex.Crim.App. 1983)(finding that applicant was not given competent advice
from which to make an informed and conscious choice regarding his right to jury trial because trial
counsel did little trial preparation and convinced applicant to waive his right to jury trial even though
trial counsel knew the decision was disadvantageous for the applicant); Ex parte Walker, 794 S.W.2d
36, 36 (Tex.Crim.App. 1990)(finding that while trial counsel gave competent advice by advising
applicant to seek jury sentencing that he failed to effectuate the applicant’s decision by failing to
timely file the motion so that applicant’s informed decision was rendered meaningless); Ex parte
Morse, 591 S.W.2d 904, 905 (Tex.Crim.App. 1980)(finding ineffective assistance of counsel due
to no advice regarding facts or law, right to jury trial, right to appeal, the consequences of a guilty
plea, or the range of punishment).
            Appellant claims he has demonstrated a reasonable probability existed that were it not for
the inactions of his trial counsel, he would have never considered pleading guilty because the police
reports failed to link him with the residence or the cocaine that was found. He suggests that this
claim is founded in the record and is not a naked factual assertion.
Law Regarding Voluntary and Knowing Plea
            The constitution requires a guilty plea to be made knowingly and voluntarily. See Brady v.
United States, 397 U.S. 742, 749, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970); Elliott v. State, 874 S.W.2d
238, 239 (Tex.App.--El Paso 1994, no pet.). Texas law ensures this mandate is met through the
enforcement of Article 26.13 of the Texas Code of Criminal Procedure. See Meyers v. State, 623
S.W.2d 397, 402 (Tex.Crim.App. 1981); Elliott, 874 S.W.2d at 239. The purpose of Article 26.13
is to ensure that an individual who pleads guilty comprehends the charges against him and the
consequences of his plea. Basham v. State, 608 S.W.2d 677, 678 (Tex.Crim.App. 1980); Singleton
v. State, 986 S.W.2d 645, 649 (Tex.App.--El Paso 1998, pet. ref’d). This provision requires a trial
court to admonish a criminal defendant of certain facts and rights prior to accepting a plea of guilty. 
Tex.Code Crim.Proc.Ann. art. 26.13 (Vernon Supp. 2004). A trial judge need only substantially
comply with dictates of Article 26.13(c). Estrada v. State, 981 S.W.2d 68, 70 (Tex.App.--San
Antonio 1998, pet. ref’d). There is no strict formula to follow or set of questions to ask in achieving
substantial compliance with the statute. Singleton, 986 S.W.2d at 650. Article 26.13(d) allows
the admonitions to be made either orally or in writing. Blanco v. State, 771 S.W.2d 598, 599
(Tex.App.--Corpus Christ 1989, no pet.). If the admonitions are made in writing, both the defendant
and defense counsel must sign a statement indicating the defendant understands the admonitions and
is aware of the consequences of the plea. Tex.Code Crim.Proc.Ann. art. 26.13(d); Meraz v. State,
950 S.W.2d 739, 742 (Tex.App.--El Paso 1997, no pet.).
            When a defendant challenges the voluntariness of a plea as a result of ineffective assistance,
our analysis depends on (1) whether counsel’s advice was within the range of competence demanded
of attorneys in criminal cases and, if not, (2) whether there is a reasonable probability that, but for
counsel’s errors, he would not have pleaded guilty and would have insisted upon a trial on the merits.
Ex parte Moody, 991 S.W.2d 856, 857-58 (Tex.Crim.App. 1999); Hill v. Lockhart, 474 U.S. 52, 106
S.Ct. 366, 88 L.Ed.2d 203 (1985); Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80
L.Ed.2d 674 (1984); McMann v. Richardson, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970). 
Like other types of ineffective assistance claims, Appellant has the burden to demonstrate that
counsel’s performance fell below a reasonable standard of competence and that Appellant would
have, with reasonable probability, pled not guilty and insisted on a trial had he been properly
advised. See id. When the record reveals that the trial court properly admonished the defendant
regarding the consequences of his plea, the record presents a prima facie showing the defendant
entered a knowing and voluntary plea. Ybarra v. State, 960 S.W.2d 742, 745 (Tex.App.--Dallas
1997, no pet.), citing Harris v. State, 887 S.W.2d 482, 484 (Tex.App.--Dallas 1994, no pet.). The
burden then shifts to the defendant to show the plea was involuntary. Id. Where the evidence is
conflicting, the trial court, as fact finder, may believe part or all of any testimony. See Floyd v. State,
914 S.W.2d 658, 666 (Tex.App.--Texarkana 1996, pet. ref’d).
Proper Admonishment by Trial Court
            At the guilty plea hearing, the trial court first explained to the Appellant that he was giving
up his right to trial by jury, which would require the State to bring forth their witnesses. The trial
court asked whether Appellant understood that he was giving up these rights, and Appellant
answered yes. The State then read the indictment, and Appellant pled guilty. The following
exchange then occurred:
THE COURT:Okay. You understand that if you plead guilty, I will be
convicting you of this crime?
 
DEFENDANT:Yes.
 
THE COURT:Has anyone promised you anything to get you to plead guilty?
 
DEFENDANT:(Indicating in the negative).
 
THE COURT:In other words, has anybody promised you any money or that
the governor would give you a pardon or anything like that?
DEFENDANT:No, sir.
 
THE COURT:Okay. Has anybody threatened you or tried to make you plead
guilty against your will?
 
            DEFENDANT:          No, sir.
 
            THE COURT:            I take it then you are pleading guilty because you did this crime and
for no other reason; is that correct?
 
DEFENDANT:Yes, sir.
 
THE COURT:Okay. The range of punishment for a second degree felony is
two years to twenty years in the penitentiary and a fine up to
$10,000.00 can be assessed.
 
DEFENDANT:Yes.
 
THE COURT:Now, I do not have to follow the plea bargain in this case, I
can consider the entire range of punishment. If I do go along
with the recommendation, another consequence will be that
you will be unable to challenge your conviction on appeal,
because no motions have been reserved for it --
 
DEFENDANT:Yes, sir.
 
            THE COURT:            Because no motions have been preserved for appeal and I have not
given my permission for you to appeal.
 
            DEFENDANT:          Yes, sir.
 
            THE COURT:            If a Defendant is not a citizen of this country, a guilty plea can result
in deportation, exclusion from this country, or denial of naturalization
under federal law.
 
DEFENDANT:Yes, sir.
 
            THE COURT:            Okay. Knowing everything I have told you, do you still wish to plead
guilty at this time?
 
            DEFENDANT:          Yes.
 
THE COURT:In your opinion, Mr. Chavez, is your client’s plea freely,
voluntarily and intelligently made?
 
MR. CHAVEZ:Yes, Your Honor.
 
THE COURT:I also find the plea is freely and voluntarily made and that the
Defendant is mentally competent. I accept the plea. 

The State then admitted the plea agreement in which Appellant confessed to the crime and waived
his rights. The trial court noted that the plea agreement provided that the other charge against the
Appellant would be dropped and that Appellant’s punishment would be an eight-year probated
sentence and a $1,000 fine. The trial court inquired as to whether Appellant understood the contents
of the document at the time he signed it, and Appellant replied that he did. We conclude that
Appellant was duly admonished concerning the voluntariness of his plea, and the burden shifted to
Appellant to show his plea was not voluntary. Ybarra, 960 S.W.2d at 745.
Burden on Appellant to Show Involuntary Plea
            Appellant argued that his plea was involuntary because had his trial counsel informed him
about the facts included in the State’s file or the law and defenses applicable to the charged offense
then he would not have pled guilty. Appellant stated that Chavez did not discuss the facts with him
and indicated he did not want to hear Appellant’s side of the story. Further, Appellant complained
that Chavez never explained what evidence the State had, his available defenses, or that trial counsel
could not agree to a plea agreement without his consent. 
            However, Chavez testified that he did discuss the facts of the case with Appellant, as well
as the consequences of his plea, especially considering his immigration status. Further, he had
conversations with the prosecutor and police and filed motions to suppress and to reveal the identity
of the confidential informant. Chavez had information that if the case went to trial, then testimony
would be elicited that two or three confidential informants had implicated Appellant. Further,
Chavez reviewed police reports and believed there was substantial evidence from which to convict
Appellant, including: 
            •Appellant was present at the residence where the drugs were found; 

            •Appellant made Mirandized statements acknowledging ownership of the drugs; 

            •Appellant had a knife in his possession with drug residue on it; 

            •Appellant attempted to flee the scene;
 
•confidential informants gave information to the police that Appellant possessed and sold
heroin and that he would be at that particular residence; 
 
•Appellant immediately admitted knowledge of the drugs and led police to drugs in the
kitchen; 

            •drugs and drug paraphernalia were found in the house; 
 
•police had received information that Appellant had heroin in his pocket, and as they
approached him, he began reaching in his pocket; 

            •Appellant described to police in detail the color and type of packaging of the drugs. 

            Trial counsel recommended that Appellant plead guilty, but ultimately, it was the Appellant
who chose to plead guilty. Trial counsel believed the plea agreement was a good offer considering
his knowledge of the case and the possible range of punishment for two second-degree felonies. 
            Appellant has failed to demonstrate that as a result of ineffective assistance of counsel, his
plea was involuntary. The record supports a finding that Appellant made a knowing and voluntary
plea. Accordingly, we find no abuse of discretion in the denial of Appellant’s petition for writ of
habeas corpus. Point of Error One is overruled.
RELIANCE ON TRIAL COUNSEL’S AFFIDAVIT
            In Point of Error Two, Appellant claims that the trial court erred by summarily accepting as
true the factual assertions made in Chavez’s affidavit, which Appellant characterizes as not credible,
contradicted by the police reports, not supported by documentary evidence, and refuted by
Appellant’s affidavit. Appellant argues that an evidentiary hearing was required because existing
factual disputes could not otherwise be resolved due to his “airtight claim of actual innocence.”


 
Appellant complained that the trial court’s manner of resolving the factual disputes by choosing the
affidavit it wished to believe was unacceptable and that the trial court acted without reference to
guiding principles or reason in refusing to acknowledge his innocence in the face of his allegations
and the evidence which supported his allegations.
            Appellant also maintains that a hearing on a post-conviction writ application is necessary if
there are controverted, unresolved material facts regarding an applicant’s confinement which demand
resolution. In this regard, he directs us to Ex parte Chambers, 612 S.W.2d 572, 573-74
(Tex.Crim.App. 1981); Ex parte Owens, 679 S.W.2d 518 (Tex.Crim.App. 1984); and Jackson v.
State, 877 S.W.2d 768, 772 (Tex.Crim.App. 1994). However, Chambers and Owens involved writs
filed under Texas Code of Criminal Procedure Article 11.07, which Appellant conceded in his writ
petition that he could not utilize since his punishment was community supervision, not prison time. 
Furthermore, Article 11.07 provides: 
If the convicting court decides that there are controverted, previously unresolved
facts which are material to the legality of the applicant's confinement, it shall enter
an order within 20 days of the expiration of the time allowed for the state to reply,
designating the issues of fact to be resolved. To resolve those issues the court may
order affidavits, depositions, interrogatories, and hearings, as well as using personal
recollection. Also, the convicting court may appoint an attorney or a magistrate to
hold a hearing and make findings of fact. [Emphasis added].

Tex.Code Crim.Proc.Ann. art. 11.07, § 3(d)(Vernon Supp. 2004). Thus, the trial court may hear
evidence by affidavit, and a hearing is discretionary. See id. Further, Jackson stands for the
proposition that in a case involving ineffective assistance of counsel, “a record is generally best
developed in the context of a hearing held in relation to an application for writ of habeas corpus.” 
877 S.W.2d at 772. However, Jackson does not stand for the premise that such a hearing is required
in a writ of habeas proceeding. See id.
            Appellant filed his writ under Texas Code of Criminal Procedure Articles 11.01, 11.05, and
11.08; Texas Constitution Article 5, section 8; and U.S. Constitution amendment XIV, section 5. 
We find no mandate under the Texas Constitution nor in case law that prevents a trial court from
requesting evidence in the form of affidavits in lieu of holding a hearing in a writ filed under Texas
Constitution Article 5, section 8. Furthermore, Appellant’s writ would have also been proper under
Texas Code of Criminal Procedure Article 11.072,


 which establishes writ procedures for an
applicant who has received community supervision. Tex.Code Crim.Proc.Ann. art. 11.072, § 1. 
Under 11.072, “[i]n making its determination, the court may order affidavits, depositions,
interrogatories, or a hearing, and may rely on the court's personal recollection.” Id. at § 6(b). 
Because evidence in the form of affidavits is clearly permissible under 11.072, we find no
impediment to affidavit testimony in lieu of a hearing when a writ petition is filed under Texas
Constitution Article 5, section 8.
            Finding no abuse of discretion in the trial court’s decision to obtain testimony via affidavit,
we overrule Point of Error Two. The judgment of the trial court is affirmed. 

August 5, 2004                                                            
                                                                                    ANN CRAWFORD McCLURE, Justice
Before Panel No. 4
Barajas, C.J., Larsen, and McClure, JJ.

(Do Not Publish)