NO. 07-12-0158-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JANUARY 25, 2013

_____

GERARDO REYES,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 46TH DISTRICT COURT OF WILBARGER COUNTY;

NO. 11,545; HONORABLE DAN MIKE BIRD, PRESIDING

_____

*Memorandum Opinion*

_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Gerardo Reyes was convicted after pleading guilty to possessing a controlled substance and placed on five years probation. The State eventually moved to revoke that probation and alleged that appellant violated a condition of his probation by committing a criminal offense. The latter consisted of appellant possessing cocaine on November 21, 2011. The trial court granted the motion and revoked appellant's probation. Appellant now argues that no evidence supports the decision. We affirm.

The record discloses that appellant signed a "drug admission" form wherein he "admit[ted] to handling [and] touching" but not using cocaine on November 12, 2011. Appellant's probation officer testified that the form is completed "after [drug] testing and a positive test" by a probationer. And, though appellant denied "tasting" the cocaine, he illustrated to the probation officer how he touched it by putting his "hand out."

It is beyond doubt that a factfinder can make reasonable inferences from the evidence before it. *Gear v. State,* 340 S.W.3d 743, 746 (Tex. Crim. App. 2011). So too is it true that one's state of mind can be inferred from the conduct in which he engaged and the circumstances surrounding that conduct. *Ex parte Wheeler,* 61 S.W.3d 766, 773 (Tex. App.–Fort Worth 2011), *vacated on other grounds,* 122 S.W.3d 170 (Tex. Crim. App. 2003). We finally note that the State need only prove the allegations in a motion to revoke by a preponderance of the evidence. *Cobb v. State,* 851 S.W.2d 871, 873 (Tex. Crim. App. 1993). Coupling these truisms to the evidence at bar leads us to conclude that the trial court did not err.

One possesses a controlled substance by exercising control, management, custody or care over it while knowing the matter was contraband. *Evans v. State,* 202 S.W.3d 158, 161 (Tex. Crim. App. 2006). Moreover, possession need not be exclusive to give rise to a criminal violation. *McGoldrick v. State,* 682 S.W.2d 573, 578 (Tex. Crim. App. 1985). Here, appellant admitted to "handling" and "touching" "cocaine." To admit that the substance was cocaine implicitly requires the individual to know the substance was cocaine; logically, someone cannot admit to something being X unless he knows it to be X. Furthermore, the act of "handling" connotes examining by touching, feeling, or moving the object with the hands or to manage with the hands.

2

MERRIAM-WEBSTER'S COLLEGIATE DICTIONARY 565 (11th ed. 2003). And, appellant showed his probation officer how he extended his hand to handle the substance. Given this, the trial court could have legitimately held that the evidence preponderated in favor of concluding that appellant possessed a controlled substance in violation of the law.

Accordingly, the judgment is affirmed.


Brian Quinn
Chief Justice

Do not publish.