**B.J. ELLIOTT, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 08–91–00412–CR.**

Court of Appeals of Texas,
El Paso.

Feb. 2, 1994.

William R. Bowden, Odessa, for appellant.

Michael L. Fostel, Kermit, for state/appellee.

Before OSBORN, C.J., and BARAJAS and LARSEN, JJ.

## *OPINION*

BARAJAS, Justice.

This is an appeal from a conviction for the offense of theft of oilfield equipment. Trial was to the court upon a plea of guilty. Upon a finding of guilty, the trial court assessed punishment at confinement in the Institutional Division of the Texas Department of Criminal Justice for a term of 5 years, probated for a like term, plus a $1,000.00 payment to the crime victims assistance fund. In two points of error, Appellant challenges his judgment of conviction. We reverse and remand.

## I. *SUMMARY OF EVIDENCE*

Appellant was indicted for intentionally and knowingly stealing a thousand barrel redwood tank designed and used for the production of natural gas or crude petroleum. On September 10, 1991, he appeared for trial with his attorney and pleaded guilty to the charge. Prior to accepting the Appellant's plea of guilty, the trial court correctly admonished Appellant as to (1) the applicable range of punishment; (2) the existence of a plea agreement in the case; and (3) Appellant's limited right to appeal. On October 9, 1991, Appellant filed a Motion for New Trial, which was denied. The trial court granted Appellant permission to appeal the judgment on December 10, 1991. It is undisputed that the trial court failed to admonish Appellant, prior to accepting his plea of guilty, that his plea might result in deportation, exclusion of admission from the United States or denial of naturalization under federal law. TEX.CODE CRIM.PROC.ANN. art. 26.13(a)(4) (Vernon 1989). The issue presented in this appeal is whether such a total failure to admonish constitutes reversible error.

## II. *DISCUSSION*

A basic principle of our criminal jurisprudence is that a guilty plea entered by a defendant must be free and voluntary. *Ex parte Evans,* 690 S.W.2d 274 (Tex.Crim.App. 1985). We require that such pleas be free and voluntary because when a plea of guilty is entered, several federal constitutional rights are waived, including the privilege against compulsory self-incrimination guaranteed by the Fifth Amendment and applicable to the states by reason of the Fourteenth. *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). Because such constitutional rights are at stake, a trial court must determine whether each defendant who pleads guilty understands both the charges against him and the consequences of his plea. *Basham v. State,* 608 S.W.2d 677 (Tex.Crim.App.1980). In an effort to assist a trial court in making this determination, the Texas Legislature enacted Article 26.13(a) of the Texas Code of Criminal Procedure.

Article 26.13(a) states in plain and unambiguous language that the trial court shall give the following four admonishments, prior to accepting a plea of guilty:

(1) the range of the punishment attached to the offense;

(2) the fact that the recommendation of the prosecuting attorney as to punishment

is not binding on the court. Provided that the court shall inquire as to the existence of any plea bargaining agreements between the state and the defendant and, in the event that such an agreement exists, the court shall inform the defendant whether it will follow or reject such agreement in open court and before any finding on the plea. Should the court reject any such agreement, the defendant shall be permitted to withdraw his plea of guilty or nolo contendere;

(3) the fact that if the punishment assessed does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and his attorney, the trial court must give its permission to the defendant before he may prosecute an appeal on any matter in the case except for those matters raised by written motions filed prior to trial; and

(4) the fact that if the defendant is not a citizen of the United States of America, a plea of guilty or nolo contendere for the offense charged may result in deportation, the exclusion from admission to this country, or the denial of naturalization under federal law.

TEX.CODE CRIM.PROC.ANN. art. 26.13(a) (Vernon 1989). By using the word "shall" the Texas legislature has made compliance with this statute mandatory. *See Hughes v. State,* 833 S.W.2d 137, 140 (Tex.Crim.App.1992); *Ex parte Cervantes,* 762 S.W.2d 577 (Tex. Crim.App.1988).

In *Ex parte McAtee,* 599 S.W.2d 335 (Tex.Crim.App.1980), the defendant contended the trial judge failed to admonish him, pursuant to Article 26.13(a). The Court of Criminal Appeals held that "[a] total failure of the trial court to admonish the defendant concerning the range of punishment is reversible error, without regard to whether the defendant was harmed." *Id.* The Court reasoned:

[T]hat where the record indicates that the defendant has received an admonishment with respect to punishment, although not a complete one, there is a prima facie showing of a knowing and voluntary plea of guilty.... Where there is a total failure to admonish concerning punishment, however, there is no prima facie showing; the defendant has received no warning whatsoever as to the punishment that is liable to be assessed. In such a case the danger of the defendant entering an unknowing and involuntary plea is so great that no specific harm need be shown. [Emphasis added].

*Ex parte McAtee,* 599 S.W.2d at 336. *See also Weekley v. State,* 594 S.W.2d 96 (Tex. Crim.App.1980).

In *Ex parte Cervantes,* the Court of Criminal Appeals addressed the very same issue we are confronted with today. 762 S.W.2d 577 (Tex.Crim.App.1988). Just like Appellant in the instant case, the defendant Cervantes was never admonished as to the immigration consequences that could result from his plea of guilty. In reversing Cervantes' conviction, the Court held, "[w]hile admonishments which substantially comply with Article 26.13 are sufficient, *the complete failure to comply with an admonishment required by the statute requires reversal.*"[1] [Emphasis added]. *Id., citing Ex parte McAtee,* 599 S.W.2d 335 (Tex.Crim.App.1980).

In *Hughes v. State,* 833 S.W.2d 137, 140 (Tex.Crim.App.1992), the defendant contended the trial judge did not substantially comply with Article 26.13(a)(1). The *Hughes* Court stated:

[S]ubstantial compliance will only be found where a trial court has undertaken to admonish the defendant, the sentence given was within the range prescribed by law, and the defendant has failed to affirmatively show harm. Conversely, it will not be found where a trial court wholly fails to admonish the defendant on punishment.

---

1. The instant case is readily distinguishable from *Ex parte Gibauitch,* 688 S.W.2d 868 (Tex.Crim. App.1985) wherein the trial court gave an admonishment that was incomplete or incorrect. The Court in *Gibauitch* held that an incomplete or incorrect admonishment constitutes a prima facie showing of a knowing and voluntary plea of guilty, thereby shifting the burden to the defendant to show that he entered the plea without understanding the consequences of his action and thus was harmed. *Ex parte Gibauitch,* 688 S.W.2d at 871. In the instant case, the record shows a total failure to admonish as to possible immigration consequences, rather than an incomplete or incorrect admonishment.

*Hughes v. State,* 833 S.W.2d at 140. (Footnotes omitted).

Finally, the holdings in *McAtee, Cervantes,* and *Hughes* were recently affirmed by the Court of Criminal Appeals in *Morales v. State,* 838 S.W.2d 272, 274 (Tex.App.—El Paso 1992), *affirmed* 872 S.W.2d 753 (Tex. Crim.App.1994) (not yet published). In *Morales,* the Court held that the complete failure to comply with the admonishment required by TEX.CODE CRIM.PROC.ANN. Article 26.13(a)(4) requires reversal.

The instant case is indistinguishable from *Cervantes* and *Morales.*[2] The trial judge wholly failed to admonish appellant as required under art. 26.13(a)(4). Therefore, as in *Morales,* a prima facie case was not made and there is no requirement Appellant show harm. Accordingly, Appellant's Point of Error No. One is sustained.

Having sustained Appellant's Point of Error No. One, it becomes unnecessary to address the second point of error. Accordingly, the judgment of the trial court is reversed and the cause is remanded for a new trial.

2. In the instant case, there is nothing in the record to show whether Appellant is or is not a citizen of the United States. When such a situation exists, there is nothing to rebut the presumption of materiality of Article 26.13(a)(4). Consequently, substantial compliance with Article 26.-13(a) does not exist because we cannot say the immigration admonishment is immaterial to Appellant's guilty plea. Because there has been no substantial compliance with Article 26.13(a), Appellant need not show harm in order to obtain reversal. *Morales v. State,* 838 S.W.2d 272 (Tex. App.—El Paso 1992), *affirmed* 872 S.W.2d 753 (Tex.Crim.App.1994) (not yet published); *Arriola v. State,* 811 S.W.2d 697 (Tex.App.—Houston [14th Dist] 1991, no pet.); *Williams v. State,* 770 S.W.2d 81 (Tex.App.—Dallas 1989, no pet).