COURT OF
APPEALS

                                                    EIGHTH DISTRICT
OF TEXAS

                                                               EL
PASO, TEXAS

 

                                                                              )     

GILBERT GUTIERREZ,                                       )                    No. 
08-01-00219-CR

                                                                              )

Appellant,                          )                             Appeal from

                                                                              )     

v.                                                                           )                       65th District Court

                                                                              )

THE STATE OF TEXAS,                                     )                 of El Paso County, Texas

                                                                              )

Appellee.                           )                             (TC# 64750)

 

O
P I N I O N

 

 In 1992, Gilbert Gutierrez was charged
with  two counts of aggravated assault
against his former wife, Jeanette Flores, and her boyfriend, Manuel Quinones.  He was also charged with burglary of a
vehicle.  Appellant pled not guilty and
proceeded to a jury trial.  The trial
court granted an instructed verdict as to the burglary charge and the
underlying facts of that portion of the proceedings are irrelevant to this
appeal.  After both sides rested,
Appellant entered an open plea of guilt to each of the aggravated assault
charges.  The judge sentenced him to
twenty-five years=
confinement in the Texas Department of Corrections to be served concurrently.

In
1999, Appellant filed a writ of habeas corpus claiming that his pleas were
involuntary and that trial counsel had not advised him of the right to
appeal.  The Court of Criminal Appeals
has granted an out-of-time appeal and Appellant now complains that the guilty
pleas were involuntary due to the ineffective assistance of counsel.  We affirm.








FACTUAL SUMMARY








Because
the sufficiency of the evidence is not in dispute, we provide only a brief
narrative to place the relationship of the parties in context.  Jeanette Flores and Manuel Quinones were
living together with Flores=s
daughter in February 1992.  At
approximately 6 p.m. on the evening of February 6, Appellant picked Flores up
at her house and she accompanied him to a Motel 6.  Flores told Appellant that she still loved
him and the couple engaged in consensual sexual intercourse.  At some point, Appellant shot up with heroin
and his behavior became aggressive.  He
threw $40 toward Flores and told her to take a cab home.  Around 1 a.m., Appellant called Flores at her
home, asked her where his money was, and claimed she had stolen it.  Flores hung up on him.  Shortly thereafter, Appellant appeared at her
door.  When Flores threatened to call the
police, Appellant left.       Quinones, Flores, her daughter, and her
niece were all asleep in the house when they were awakened later that night
when Appellant returned and began kicking the door.  Flores refused to let him in and her daughter
called the police.  Appellant then broke
in through the window.  According to Flores,
Appellant had a screwdriver and chased her into the bedroom.  He then attacked Quinones with the
screwdriver, striking him below the neck and in the leg.  Flores jumped on Appellant=s back and Quinones fled naked from the
room.  Appellant then grabbed Flores by
the hair and dragged her through the hallway. 
He tried to stab her in the chest, but Flores was able to grab the
screwdriver before she was seriously harmed. 
She suffered only a bruise and a slight cut on her chest.  Appellant then grabbed Flores by the hair and
dragged her to his car.  When the police
arrived, Flores was able to escape; Appellant got out of the car as the police
officers approached and began walking away. 
He was ultimately apprehended on foot and arrested.  When he was placed in the back of the police
car, he tried to kick out the back window. 
The screwdriver was found by the police inside the house.

Quinones
did not testify because he was incarcerated in the Texas Department of
Corrections at the time of the trial. 
However, he signed an affidavit rebutting Flores=s
version of the events.  Quinones claimed
that he had provided false information as part of a scheme fabricated by Flores
because she was upset with Appellant.  He
went along with the scheme because Flores had threatened to testify against him
with regard to other criminal charges. 
Quinones stated that the screwdriver was already in the house when
Appellant broke in; that Appellant had not used the screwdriver; that Appellant
had not stabbed him; that he (Quinones) had actually used the screwdriver that
day to fix some chairs in the house; and that the injury he received to his
chest was self-inflicted while he was working at his parents= house. 
As we have indicated, Appellant did not pursue a direct appeal from his
convictions.

On
March 31, 1999, Appellant filed a writ of habeas corpus.  During an evidentiary  hearing, he contended that he had been
promised by both his attorney and the judge that he would only serve two years,
Aa month for every year.@ 
He pled guilty because he was promised that he would be confined to jail
for only two years.  

VOLUNTARINESS OF THE PLEA








The
constitution requires a guilty plea to be made knowingly and voluntarily.  See Brady v. United States, 397 U.S.
742, 749, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970); Elliott v. State, 874
S.W.2d 238, 239 (Tex.App.--El Paso 1994, no pet.).  Texas law ensures this mandate is met through
the enforcement of Article 26.13 of the Texas Code of Criminal Procedure.  See Meyers v. State, 623 S.W.2d 397,
402 (Tex.Crim.App. 1981); Elliott, 874 S.W.2d at 239.  The purpose of Article 26.13 is to ensure
that an individual who pleads guilty comprehends the charges against him and
the consequences of his plea.  Basham
v. State, 608 S.W.2d 677, 678 (Tex.Crim.App. 1980); Singleton v. State,
986 S.W.2d 645, 649 (Tex.App.--El Paso 1998, pet. ref=d).  This provision requires a trial court to
admonish a criminal defendant of certain facts and rights prior to accepting a
plea of guilty. Tex.Code Crim.Proc.Ann.
art. 26.13 (Vernon 1989 & Vernon Supp. 2002).  A trial judge need only substantially comply
with dictates of Article 26.13(c).  Estrada
v. State, 981 S.W.2d 68, 70 (Tex.App.--San Antonio 1998, pet. ref=d). 
There is no strict formula to follow or set of questions to ask in
achieving substantial compliance with the statute.  Singleton, 986 S.W.2d at 650.  Article 
26.13(d) allows the admonitions to be made either orally or in
writing.  Blanco v. State, 771
S.W.2d 598, 599 (Tex.App.-‑Corpus Christ 1989, no pet.).  If the admonitions are made in writing, both
the defendant and defense counsel must sign a statement indicating the
defendant understands the admonitions and is aware of the consequences of the
plea.  Tex.Code
Crim.Proc.Ann. art. 26.13(d); Meraz v. State, 950 S.W.2d 739, 742
(Tex.App.-‑El Paso 1997, no pet.).








When
a defendant challenges the voluntariness of a plea as a result of ineffective
assistance, our analysis depends on (1) whether counsel=s
advice was within the range of competence demanded of attorneys in criminal
cases and, if not, (2) whether there is a reasonable probability that, but for
counsel=s errors,
he would not have pleaded guilty and would have insisted upon a trial on the
merits.  Ex parte Moody, 991
S.W.2d 856, 857‑58 (Tex.Crim.App. 1999), citing Ex parte Morrow,
952 S.W.2d 530, 536 (Tex.Crim.App.1997); Hill v. Lockhart, 474 U.S. 52,
106 S.Ct. 366, 88 L.Ed.2d 203 (1985); Strickland v. Washington, 466 U.S.
668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); McMann v. Richardson, 397
U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970). 
Like other types of ineffective assistance claims, Appellant has the
burden to demonstrate that counsel=s
performance fell below a reasonable standard of competence and that Appellant
would have, with reasonable probability, pled not guilty and insisted on a
trial had he been properly advised.  See
id.  When the record reveals that the
trial court properly admonished the defendant regarding the consequences of his
plea, the record presents a prima facie showing the defendant entered a
knowing and voluntary plea.  Ybarra v.
State, 960 S.W.2d 742, 745 (Tex.App.--Dallas 1997, no pet.), citing
Harris v. State, 887 S.W.2d 482, 484 (Tex.App.-‑Dallas 1994, no
pet.). The burden then shifts to the defendant to show the plea was not
voluntary.  Id.

THE ADMONISHMENTS AND PLEA PAPERS

Appellant
contends that he was persuaded by his trial lawyer to change his plea to guilty
between the time the jury began its deliberations and  the time the jury returned.  He claims that he changed his mind because
counsel told him that Athey@ were offering him twenty-five years
with a recommendation to do two years and that he=d
Abetter take the time.@ 
When asked whether anyone else promised he would get a two-year
sentence, he replied:

The Judge told me I
would do a month for every year.  His
quote, unquote, was you=ll
do about a month for every year.

 

However, when
asked to read excerpts of his trial testimony, Appellant acknowledged that the
record was silent as to any mention that he would serve one month for every
year of the sentence imposed.             We reiterate that the pleas at issue
were non-negotiated.  At the plea
hearing, the trial court advised Appellant that he had been charged with two
counts aggravated assault and that the State had alleged two prior felony
convictions.  The following colloquy
occurred:

THE COURT:  So, you understand that each of these cases
then, if I were to find you guilty, sir, that I could confine you in case
number 64749 and also in 64750 to the custody of the Texas Department of
Corrections for as long as ninety-nine years and certainly not less than
twenty-five years.  Do you understand
that?

 

APPELLANT:  Yes, sir.








THE COURT:  And I can do the same in this other cause
number.  Now, you do have the right to
enter pleas of not guilty to these charges.

 

APPELLANT:  Yes, sir.

 

THE COURT:  Oh, of course, the sentences -- they don=t necessarily have to be running
together, at the same time.  I mean
concurrently.  Since they are separate
indictments, they can be stacked.  You
finish serving the time on one and then you begin serving the time on the
other.  You understand that?

 

APPELLANT:  Yes, sir.

 

THE COURT:  Now, you do have the right to enter pleas of
not guilty.  If you enter pleas of not
guilty, as you have initially, you are entitled to a trial by a jury.

 

APPELLANT:  Yes, sir.

 

THE COURT:  And, of course, the State has to prove that
you are guilty beyond a reasonable doubt. 
They will bring in their witnesses. 
They will be testifying in your presence as has happened before the case
was withdrawn from the jury.  You have
the right to cross-examine those witnesses, ask them questions.  You can subpoena witnesses to come in and
testify for you.

 

You, sir, may remain
silent.  You don=t
have to say anything in your defense. 
But if you want to, you also can take the stand and testify in your own
behalf and during the course of the trial you have the right to be represented
by an attorney as you are now by [counsel]. 
Do you understand, sir?

 

APPELLANT:  Yes, sir.

 

THE COURT:  All right. 
However, if you plead guilty, then by pleading guilty, you admit the
allegations in the indictments and you lose the rights that I just mentioned to
you.  The only right that you will keep
is the right to be represented by an attorney. 
Do you understand that?

 

APPELLANT:  Yes, sir.

 

THE COURT:  Okay. 
So, knowing this then, Mr. Gutierrez, I=m
going to ask you, how do you plead to case number 64749?  Guilty or not guilty?

 

APPELLANT:  Guilty.

 

THE COURT:  And do you concur with that plea entered by
your client?








DEFENSE
COUNSEL:  I do, Your Honor.

 

THE COURT:  In case number 64750, how do you plead?  Guilty or not guilty?

 

APPELLANT:  Guilty.

 

THE COURT:  Now, raise your right hand, Mr. Gutierrez.

 

                                                      (Appellant
sworn by the Court.)

 

THE COURT:  Mr. Gutierrez, are you pleading guilty
because you are guilty and for no other reason as to both indictments?

 

APPELLANT:  Yes, sir.

 

THE COURT:  Has anybody threatened you or forced you in
any way to enter these pleas of guilty?

 

APPELLANT:  No, sir.

 

THE COURT:  Has anybody promised you if you plead guilty
I would be very lenient or grant you a pardon in the future --

 

APPELLANT:  No, sir.

 

THE COURT:  -- or anything of that nature?  During the preparation of this case,
[counsel], any reservations as to the mental competency of your client?

 

DEFENSE
COUNSEL:  None whatsoever, Your Honor.

 

THE COURT:  And are you an American citizen?

 

APPELLANT:  Yes, sir.

 

THE COURT:  I ask you, because if you were not, I would
have to advise you of additional rights and consequences that may attach to
your plea.  You understand that?

 

APPELLANT:  Yes, sir.

 








THE COURT:  Well, the Court will go ahead and accept your
plea, finding that you are pleading guilty because you are guilty to case
number 64749 and 64750, and for no other reason at all, and not because you
have been threatened or forced to do so or made promises of any kind or nature
inducing you to plea and I further find that you are mentally competent to have
entered this plea.  [Emphasis added.]

 

At this point, the State
re-offered evidence admitted before the jury, the court received the evidence,
found the evidence sufficient to establish guilt, and found Appellant guilty
beyond a reasonable doubt.

 

THE COURT:  Now, the Court will allow you to address the
Court, [counsel], as to the punishment which you think would be fair and
equitable in this case.

 

DEFENSE
COUNSEL:  Yes, Your Honor, we feel -- we
would ask the Court to give us the minimum under the guidelines, and that would
be twenty-five years to run concurrent on each sentence.  I think it was probably said best by Jeanette
Gutierrez that Gilbert is an extremely nice man, extremely capable, except he
had drug problems.  Gilbert has been off
drugs for a year.  A little time off
drugs down in Huntsville won=t
hurt him.  He is an extremely bright
fellow.  He needs a little education down
there and by the time at the [sic] finishes parole, he will finish his
education and be a productive member of society.

 

THE COURT:  Mr. Gutierrez, do you wish to say anything?

 

APPELLANT:  I agree with [counsel].  I will be going back to college.

 

THE COURT:  All right. 
Well, I wish you the best of luck, Mr. Gutierrez.

 

APPELLANT:  Thank you.

 

THE COURT:  It is the judgment and sentence of this court
that in case number 64749 that you be and you are hereby confined to the Texas
Department of Corrections for a period of twenty-five years.

 

In case number
64750, it is the judgment and sentence of this court that you be confined to
the Texas Department of Corrections for a like period of twenty-five
years.  The sentences will be running
concurrent.

 








At this point,
there was a discussion as to whether the allegations of two prior felony
convictions were true and appropriate inquiry made as to whether Appellant had
been forced to admit to the prior convictions or whether he had been promised
anything in return for his admission. 
Appellant stated under oath that he was admitting the allegations were
true because indeed they were true.

DEFENSE
COUNSEL:  Thank you.  Of course, he will get credit for all time
served?

 

THE COURT:  Yes. 
The sentences I indicated will be running at the same time.  They will be running concurrently.  So there won=t
be any question, the Court is not going to find that a deadly weapon was
used.  I=m
not making any affirmative finding of that at all.

 

DEFENSE
COUNSEL:  Okay.

 

THE COURT:  And so that will make you eligible for parole
or -- for parole sooner.

 

APPELLANT:  Yes, sir.

 

THE COURT:  Okay? 
You will be given credit for all the time you spent in jail as a result
of any complaints that led to your incarceration that ultimately led to any
indictments in these two cases.  Okay?

 

APPELLANT:  Yes, sir. 
[Emphasis added.]

 

Duly
executed plea papers are also contained within the record in which Appellant
admitted  the allegations, confessed that
he committed the offenses charged, and acknowledged the range of punishment for
aggravated assault (enhanced).  More
specifically, he expressed his understanding Athat
there has been no recommendation as to punishment made either to me or my
attorney by any attorney or staff member of the District Attorney=s office.  I further understand that no recommendation
made by anyone is binding upon this court in determining any punishment to be
assessed by the court.@








First,
we observe that Appellant was duly admonished concerning the voluntariness of
his plea.  Therefore, the burden shifted
to appellant to show his plea was not voluntary.  Ybarra, 960 S.W.2d at 745.  This he attempts to do by professing that he
was told he would serve no more than two years. 
The record reveals nothing of the kind. 
Moreover, he received the minimum sentence on each of the aggravated
assaults, the sentences were ordered to run concurrently rather than
consecutively, and the trial court entered no finding on the use of a deadly
weapon.  Appellant has failed to
demonstrate that his pleas were not voluntary. 
Because Appellant was aware of the consequences of the pleas, we
conclude they were made both knowingly and voluntarily.  We overrule the sole point and affirm the
convictions.

 

 

November 7, 2002

                                                                        


ANN CRAWFORD
McCLURE, Justice

 

Before Panel No. 2

Barajas, C.J., McClure, and Chew,
JJ.

 

(Do Not Publish)