COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS



MICHAEL JERMAINE TAYLOR,


 Appellant,


v.


THE STATE OF TEXAS,


 Appellee.
§


 


§


 


§


 


§


 


§


 


 § 


No. 08-05-00377-CR
 


Appeal from the


363rd District Court


of Dallas County, Texas


(TC# F-0525820-KW)



O P I N I O N


 Appellant Michael Jermaine Taylor plead guilty to aggravated robbery. On appeal, he argues
that his plea was not freely and voluntarily given. Finding no error, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

 On June 22, 2005, Appellant plead guilty to aggravated robbery of Linda Boyd. During
Appellant's plea hearing, Boyd testified that, on December 14, 2004, she was getting out of her car
at her apartment complex when another car pulled up behind her and trapped her between the cars
and the building. She testified that a man got out of the car with a gun, told her not to say anything,
and grabbed her purse. The man then got back in the car and drove off. Boyd identified Appellant
as the man with the gun. Appellant was sentenced to twenty years' confinement and fined $800.

 In his sole issue for review, Appellant asserts that his guilty plea was not made voluntarily,
because he was "laboring under the false impression" that he would receive deferred adjudication
in exchange for the plea and his agreement to cooperate with the State as a witness against the co-defendant.

DISCUSSION

 The constitution requires a guilty plea to be made knowingly and voluntarily. See Brady v.
United States, 397 U.S. 742, 749 (1970); Elliott v. State, 874 S.W.2d 238, 239 (Tex. App.--El Paso
1994, no pet.). Texas law ensures that this mandate is met through the enforcement of article 26.13
of the Texas Code of Criminal Procedure. See Meyers v. State, 623 S.W.2d 397, 402 (Tex. Crim.
App. 1981); Elliott, 874 S.W.2d at 239. The purpose of article 26.13 is to ensure that an individual
who pleads guilty comprehends the charges against him and the consequences of his plea. Basham
v. State, 608 S.W.2d 677, 678 (Tex. Crim. App. 1980); Singleton v. State, 986 S.W.2d 645, 649
(Tex. App.--El Paso 1998, pet. ref'd). This provision requires a trial court to admonish a criminal
defendant of certain facts and rights prior to accepting a plea of guilty. Tex. Code Crim. Proc.
Ann. art. 26.13. A trial judge need only substantially comply with the dictates of article 26.13(c). 
Estrada v. State, 981 S.W.2d 68, 70 (Tex. App.--San Antonio 1998, pet. ref'd). Article 26.13(d)
allows the admonitions to be made either orally or in writing. Blanco v. State, 771 S.W.2d 598, 599
(Tex. App.--Corpus Christi 1989, no pet.). If the admonitions are made in writing, both the
defendant and defense counsel must sign a statement indicating that the defendant understands the
admonitions and is aware of the consequences of the plea. Tex. Code Crim. Proc. Ann. art.
26.13(d); Meraz v. State, 950 S.W.2d 739, 742 (Tex. App.--El Paso 1997, no pet.). A determination
of voluntariness is made from a review of the totality of the circumstances. Singleton, 986 S.W.2d
at 651.

 The record shows, and Appellant does not challenge, the fact that he was fully admonished,
both orally in open court and in writing. When the record reveals that the trial court properly
admonished the defendant regarding the consequences of his plea, the record presents prima facie
evidence that the defendant entered a knowing and voluntary plea. Ybarra v. State, 960 S.W.2d 742,
745 (Tex. App.--Dallas 1997, no pet.) (citing Harris v. State, 887 S.W.2d 482, 484 (Tex. App.--Dallas 1994, no pet.). The burden then shifts to the defendant to demonstrate that the plea was not
voluntary. Id. When the consequences of a defendant's plea relate to the range of punishment for
the charged offenses, in order to constitute an affirmative showing under article 26.13(c), a defendant
must show by evidence grounded in the record and subject to review, both his lack of knowledge and
understanding about the punishment range for his offense, and, objectively, the manner in which he
was mislead or harmed. Singleton, 986 S.W.2d at 651.

 Appellant argues that, when viewed as a whole, the record shows that he understood that he
would receive deferred adjudication for his plea and cooperation. He admits, however, that the
record does not affirmatively show that the court or its officers misinformed him about the
consequences of his plea. In support of his argument, Appellant notes that, during his testimony at
the plea hearing, he stated that he understood that the court would take his cooperation with the State
into consideration when setting his punishment. He asked the court for "leniency" in his sentencing,
based on his willingness to testify against his co-defendants. He also stated that he thought he was
entitled to probation.

 We agree that a guilty plea is involuntary, if it is made based on "significant misinformation"
from the court or one of its officers. Brown v. State, 896 S.W.2d 327, 328-29 (Tex. App.--Houston
[1st Dist.] 1995, pet. ref'd). However, a plea is not rendered involuntary, simply because the
defendant received a greater punishment than he anticipated or hoped for. Crawford v. State, 890
S.W.2d 941, 945 (Tex. App.--San Antonio 1994, no pet.) (citing West v. State, 702 S.W.2d 629, 633
(Tex. Crim. App. 1986)); Tovar-Torres v. State, 860 S.W.2d 176, 178 (Tex. App.--Dallas 1993, no
pet.) (per curiam). The record indicates that, although Appellant may have hoped--or even
anticipated--that the court would give him deferred adjudication, he has not demonstrated that his
plea was based on misinformation. Appellant has also failed to demonstrate that he did not
understand the full range of punishment available to the court at sentencing.

 As Appellant has not demonstrated that his plea was involuntary, we overrule his issue for
review. Having overruled Appellant's sole issue for review, we affirm.


 KENNETH R. CARR, Justice


April 26, 2007


Before Chew, C.J., McClure, and Carr, JJ.


(Do Not Publish)