COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | § | |
|---|---|---|
| OSCAR RICARDO PACHECO, | | No. 08-07-00164-CR |
| | § | |
| Appellant, | | Appeal from |
| | § | |
| v. | | 409th District Court |
| | § | |
| THE STATE OF TEXAS, | | of El Paso County, Texas |
| | § | |
| Appellee. | | (TC # 20060D02999) |
| | § | |

**O P I N I O N**

Oscar Ricardo Pacheco pled guilty to indecency with a child by touching. The adjudication of his guilt was deferred, and he was placed on community supervision for a period of ten years. Appellant brings three points of error regarding his guilty plea. For the reasons that follow, we affirm.

**FACTUAL BACKGROUND**

Because of the nature of the issues for review, we will recite the facts in some detail. Although Appellant retained Miguel Cervantes as counsel, attorney Araceli Solis appeared at the plea hearing and announced, "Araceli Solis for the defendant." The record reveals that Solis explained the plea papers and sexual offender registration admonishment form to Appellant, and that Appellant read the documents and signed them. Appellant verbally acknowledged that he understood the charged offense and the punishment he faced. He also understood that by pleading guilty, he was waiving his right to remain silent, the right to confront and cross-examine witnesses, and the right to trial by jury. The trial court then inquired:

[Court]      I've handed you and your lawyer what's been marked as State's Exhibit

Number 1. And State's Exhibit Number 2. State's Exhibit Number 1 is the plea papers in this case. State's Exhibit Number 2 is the Sexual Registration Admonishment form. Are those your signatures on those documents.

[Solis]      (Indicating.)

[Appellant]      Yes.

[Court]      Before signing the documents did you read them?

[Appellant]      Yes.

[Court]      Did you understand them?

[Appellant]      Yes, sir.

[Court]      Ms. Solis, did you explain those documents to your client?

[Solis]      Yes, I did, Judge.

[Court]      Do you believe your client understood not only the admonishments contained therein, but also his rights and the consequences of giving up these rights by entering his plea here today?

[Solis]      Yes, I do, Judge.

[Court]      And is he legally competent to enter this plea?

[Solis]      I believe he is, Judge.

[Court]      Sir, are you satisfied with your lawyer's representation of you in this case?

[Appellant]      Yes.

[Court]      And, sir, are you a U.S. citizen?

[Appellant]      Yes, sir.

[Court]      Understand that if you are not a citizen [of] the United States, a plea of guilty for the offense charged could result in your deportation, your exclusion from admission to this country, or denial of naturalization under federal law. At this time, sir, to the offense of indecency with a child as alleged in the indictment, do you wish to enter a plea of guilty or not guilty?

[Appellant]      Guilty.

| | |
|---|---|
| [Court] | Before entering your plea of guilty, did anybody threaten you or coerce you to get you to plead guilty? |
| [Appellant] | No, sir. |
| [Court] | Other than the plea agreement that may have been reached, did anybody promise you anything to get you to plead guilty? |
| [Appellant] | No, sir. |
| [Court] | Are you pleading guilty freely and voluntarily? |
| [Appellant] | Yes, sir. |
| [Court] | Are you pleading guilty because you are guilty and for no other reason? |
| [Appellant] | Yes, sir. |
| [Court] | Is there a plea agreement? |
| [State] | Judge, there is. In exchange for the defendant's plea of guilty, we would recommend that he be placed on ten years' deferred adjudication. Assessed a $1,000 fine. Serve 400 hours of community service. That he undergo sex offender counseling, be placed on the sex offender caseload. And that he have no contact with the victim or her family in this case. |
| [Court] | Ms. Solis, is this your understanding of the plea agreement? |
| [Solis] | Yes, it is, Judge. |
| [Court] | Mr. Pacheco, is this your understanding of the plea agreement that you have reached with the State of Texas? |
| [Appellant] | Yes, sir. |

.    .    .

| | |
|---|---|
| [Court] | I am showing you a motion for deferred adjudication of guilt. Is that your signature on this document? |
| [Appellant] | Yes, sir. |
| [Court] | Before signing the document, did you read it? |
| [Appellant] | Yes, sir. |

| | |
|---|---|
| [Court] | Did you understand it? |
| [Appellant] | Yes, sir. |
| [Court] | Ms. Solis, did you explain to your client the benefits and the detriments of deferred adjudication? |
| [Solis] | Yes, I did, Judge. |
| [Court] | Sir, do you understand that should you violate any term and condition of deferred adjudication, that this Court can proceed to sentence you up to the full range of punishment for this offense? |
| [Appellant] | Yes, sir. |
| [Court] | Sir, how long could you go to prison for? |
| [Appellant] | Uh, I was in there for about -- |
| [Court] | How long could you go to prison for? |
| [Appellant] | Oh.  Two to 20 years. |
| [Court] | Are you asking this Court to grant you deferred adjudication? |
| [Appellant] | Yes, sir. |
| [Court] | Are you sure about this? |
| [Appellant] | Yes, sir. |

**RIGHT TO COUNSEL OF CHOICE**

Appellant first complains that the trial court violated his Sixth Amendment right to have counsel of his choosing represent him at the guilty plea hearing because the record fails to affirmatively show that he knowingly and intentionally waived his right to have Cervantes appear on his behalf.

*Standard of Review*

The right of an accused to the assistance of counsel is guaranteed by the constitutions of both

the United States and Texas. U.S. Const. amend. VI; Tex. Const. art. I, § 10. An accused "should be afforded a fair opportunity to secure counsel of his own choice." *Powell v. Alabama,* 287 U.S. 45, 53, 53 S.Ct. 55, 58, 77 L.Ed. 158 (1932); *see also Stearnes v. Clinton,* 780 S.W.2d 216, 222 (Tex.Crim.App. 1989). However, the right to counsel of one's own choice is neither absolute nor unqualified. *Ex parte Windham,* 634 S.W.2d 718, 720 (Tex.Crim.App. 1982). That right must be balanced with the trial court's need for prompt, orderly, effective, and efficient administration of justice. *Emerson v. State,* 756 S.W.2d 364, 369 (Tex.App.--Houston [14th Dist.] 1988, pet. ref'd.).

*Waiver*

The State responds that Appellant waived his complaint by failing to object in the court below. We agree. When Appellant pled guilty, Solis announced that she represented him. Appellant participated in the entire proceeding with Solis's assistance. He affirmatively stated that he was satisfied with his attorney's representation. Point of Error One is overruled.

## RIGHT TO ASSISTANCE OF COUNSEL

In his second issue, Appellant argues that he was constructively denied the assistance of counsel during a critical stage of the criminal proceedings, in violation of the Sixth Amendment.

*Standard of Review*

In *Strickland v. Washington,* the United States Supreme Court adopted a two-step analysis as the proper standard for determining claims of ineffective assistance. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). First, Appellant must demonstrate that his counsel's performance was deficient. *Strickland,* 466 U.S. at 687, 104 S.Ct. at 2064. He must prove by a preponderance of the evidence that his attorney's representation fell below the standard of professional norms. *Mitchell v. State,* 68 S.W.3d 640, 642 (Tex.Crim.App. 2002). Second, Appellant must establish that the deficient performance prejudiced his defense. *Strickland,* 466 U.S.

at 687, 104 S.Ct. at 2064. To establish prejudice, Appellant must show that there is a reasonable probability that but for the counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* 466 U.S. at 694, 104 S.Ct. at 2068. A reasonable probability is a probability "sufficient to undermine confidence in the outcome." *Id.* This two-pronged test is used to judge whether counsel's conduct so compromised the proper functioning of the adversarial process that the trial produced unreliable results. *Mallet v. State,* 65 S.W.3d 59, 63 (Tex.Crim.App. 2001). Appellate review of defense counsel's efficiency is highly deferential and presumes that counsel's actions fell within a wide range of reasonable professional assistance. *Mallet,* 65 S.W.3d at 63; *Tong v. State*, 25 S.W.3d 707, 712 (Tex.Crim.App. 2000). The burden to overcome that presumption falls upon Appellant. *See Strickland,* 466 U.S. at 689, 104 S.Ct. at 2065. The assessment of whether effective assistance was received must be made according to the facts of the case. *Thompson v. State,* 9 S.W.3d 808, 813 (Tex.Crim.App. 1999). Any allegation of ineffectiveness must be "firmly founded" in the record. *Salinas v. State*, 163 S.W.3d 734, 740 (Tex.Crim.App. 2005). To defeat the presumption of reasonable professional assistance, the record must affirmatively demonstrate the alleged ineffectiveness. *Thompson,* 9 S.W.3d at 814. In the majority of instances, the record on direct appeal is undeveloped and unable to adequately reflect the failings of trial counsel. *Thompson,* 9 S.W.3d at 813-14, *citing Jackson v. State,* 973 S.W.2d 954, 957 (Tex.Crim.App. 1998). It will not sufficiently show that counsel's representation was so deficient and so lacking in tactical or strategic decisionmaking as to overcome the presumption that counsel's conduct was reasonable and professional. *Bone v. State*, 77 S.W.3d 828, 833 (Tex.Crim.App. 2002). We cannot speculate that no plausible professional reason exists for a specific act or omission. *Id.* Counsel should be provided an opportunity to explain her actions before being condemned as unprofessional and incompetent. *Id.* We rarely have the opportunity to make a determination with a record capable of providing a fair

evaluation of the merits of an ineffective assistance claim. *See Thompson,* 9 S.W.3d at 813.

*Analysis*

Appellant emphasizes that Araceli Solis signed the plea documents as Miguel Cervantes' agent and not as Appellant's trial counsel. He argues that her signature reveals that she was not claiming to be his lawyer and that he was, in essence, proceeding with the guilty plea hearing without benefit of counsel. Appellant complains that Solis did not exercise any meaningful role in protecting his rights at the guilty plea proceeding, evidenced by the fact that she was unwilling to certify on the acknowledgment of attorney form that she had discussed the case at length with Appellant, reviewed the facts of the case and the law with him, or discussed all potential factual and legal defenses upon which he might rely at trial. Appellant also argues that Solis never told the trial court why Cervantes was absent or what efforts Cervantes had taken to ensure that Appellant was provided reasonably effective assistance of counsel. Without this information it was impossible for the trial court to gauge whether Appellant's guilty plea was knowing and intelligently exercised. Essentially, Appellant maintains that Solis's qualified signature on the attorney acknowledgment form cannot serve as a record establishing that Appellant was fully and adequately informed of his constitutional rights and that as a result, he received ineffective assistance of counsel.

We disagree. If anything, the record establishes Appellant told the trial court that he was satisfied with his attorney's representation, that Solis explained the plea documents and the sexual offender registration admonishment to him, and that he understood the documents, the admonishments, and the rights and consequences of waiving his rights by entering into a guilty plea. We will not infer Sixth Amendment violations from the fact that Solis did not sign the "Acknowledgment of Counsel" form in her own name. Moreover, Appellant has not alleged there is a reasonable probability that but for counsel's errors, he would not have pled guilty. Because the

record does not establish that Solis's performance was deficient, Appellant has not met the first prong of the *Strickland* analysis. *See Strickland*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). We overrule Appellant's Point of Error Two.

## WAS THE PLEA KNOWINGLY AND INTELLIGENTLY MADE?

In his third issue, Appellant contends that the reporter's record fails to affirmatively demonstrate that his guilty plea was knowingly and intelligently made.

### *Standard of Review*

The constitution requires a guilty plea to be made knowingly and voluntarily. *See Brady v. United States,* 397 U.S. 742, 749, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970); *Elliott v. State,* 874 S.W.2d 238, 239 (Tex.App.--El Paso 1994, no pet.). Texas law ensures this mandate is met through the enforcement of Article 26.13 of the Texas Code of Criminal Procedure. *See Meyers v. State,* 623 S.W.2d 397, 402 (Tex.Crim.App. 1981); *Elliott,* 874 S.W.2d at 239. The purpose of Article 26.13 is to ensure that an individual who pleads guilty comprehends the charges against him and the consequences of his plea. *Basham v. State,* 608 S.W.2d 677, 678 (Tex.Crim.App. 1980); *Singleton v. State*, 986 S.W.2d 645, 649 (Tex.App.--El Paso 1998, pet. ref'd). This provision requires a trial court to admonish a criminal defendant of certain facts and rights prior to accepting a plea of guilty. TEX.CODE CRIM.PROC.ANN. art. 26.13 (Vernon 2009). A trial judge need only substantially comply with dictates of Article 26.13(c). *Estrada v. State*, 981 S.W.2d 68, 70 (Tex.App.--San Antonio 1998, pet. ref'd). If the court substantially complies with the admonishments, the plea is sufficient unless the defendant affirmatively shows that he was not aware of the consequences of his plea and that he was misled or harmed by the admonishments of the court. TEX.CODE CRIM.PROC.ANN. art. 26.13(c).

### *Analysis*

The record shows that the trial court advised Appellant of: (1) the nature of the crime with

which he was charged; (2) the applicable range of punishment; and (3) the rights that he would be waiving by pleading guilty; the right to confront and cross-examine; the right to remain silent; and the right to trial by jury. The trial court inquired into the existence of any plea agreements; advised Appellant that the punishment recommendation was not binding on the court; and that if the plea agreement were rejected, Appellant would be permitted to withdraw his plea, but if it were followed, then Appellant would have a limited right to appeal. The trial court admonished Appellant that if he was not a citizen of the United States of America, a plea of guilt to the offense charged may result in deportation, the exclusion from admission to this country, or the denial of naturalization under federal law. The trial court also provided a written admonishment regarding Appellant's sexual offender registration requirement. From this, we conclude that the trial court complied with Article 26.13. Moreover, we conclude that Appellant did not meet his burden under Article 26.13(c) to affirmatively show he was not aware of the consequences of his plea and that he was misled or harmed by the admonishment of the court. TEX.CODE CRIM.PROC.ANN. art. 26.13(c). Because Appellant has failed to show that his guilty plea was not voluntary, knowingly, and intelligently made, we overrule Issue Three and affirm the judgment of the trial court.

July 29, 2009

                                                          ANN CRAWFORD McCLURE, Justice

Before Chew, C.J., McClure, and Rivera, JJ.

(Do Not Publish)